59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Jon McNELLY, Defendant-Appellant.
 No. 94-10526.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Jon McNelly appeals his 84-month sentence imposed following his guilty plea to possession with intent to distribute 73 tons of hashish, in violation of 46 U.S.C. Sec. 1903, 21 U.S.C. Sec. 960(b)(1)(G), and 18 U.S.C. Sec. 2. McNelly contends the district court erred by finding that he was a manager or supervisor in the criminal activity. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's finding for clear error. United States v. Lingenfelter, 997 F.2d 632, 641 (9th Cir.1993). The Sentencing Guidelines provide for a three-level upward adjustment "[i]f the defendant was a manager or supervisor ... and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. Sec. 3B1.1(b) (1993). The adjustment requires that the defendant "supervised or otherwise exercised control over other participants." United States v. Ponce, 51 F.3d 820, 827 (9th Cir.1995).
 
 
 4
 McNelly was convicted for his participation in an international hashish trafficking conspiracy. Principals in Amsterdam ordered the drug from Pakistani suppliers, who transported it aboard the vessel Lucky Star. McNelly's presentence report stated that McNelly was recruited by coconspirator Arthur Jung to participate in the transport of 70 tons of hashish. The probation officer recommended a three-level upward adjustment because McNelly directed the Lucky Star crew during the off-loading of the hashish and was the only person aboard the Lucky Star who communicated with undercover agents about the off-loading. In addition, the Lucky Star captain, Abdul Rasheed, told government agents that his employer ordered him to obey McNelly's instructions. McNelly maintained that he was the radio interpreter and the representative of the owners of the hashish and did not have any authority over the Lucky Star crew; he merely relayed Jung's instructions to the captain. Also, he agreed that the Pakistanis would hold him as a hostage against payment by the principals.
 
 
 5
 We find no clear error in the district court's finding that McNelly was a manager or supervisor because he supervised the off-loading of the hashish and directed Captain Rasheed as to where the Lucky Star would sail. See Lingenfelter, 997 F.2d at 641. The record supports the interpretation that under Jung's direction, McNelly supervised the crew's handling of the hashish. See Ponce, 51 F.3d at 827.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3